# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA PALOMINO, | ) Case No. CV 10-8348 GHK (MRW) |
| Petitioner, | ) |
| vs. | ) ORDER DISMISSING ACTION |
| MIKE MCDONALD, Warden, | ) |
| Respondent. | ) |

## SUMMARY OF ORDER

The Court grants Petitioner's request for voluntary dismissal of this state habeas action.

The petition appears on its face to be mixed – containing both exhausted and unexhausted claims – so Respondent moved to dismiss the petition. In response, Petitioner requested a stay of the federal action pending resolution of the unexhausted claims in state court or, alternatively, to dismiss the federal action.

Petitioner did not present sufficient information to the Court to meet the standard required for issuance of a stay of the federal habeas petition. Additionally, Petitioner failed to respond to an order to show cause regarding the

status of this case.  Therefore, the Court grants Petitioner's request that the action be dismissed voluntarily.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner and his brother were convicted in state court of shooting at police officers and other individuals.  Petitioner's federal petition presents five grounds for habeas relief.  (Docket # 1 at 10.)  Respondent moved to dismiss the petition on the ground that Petitioner failed to exhaust three of those grounds in state court.

Respondent argued that Petitioner did not file his own petition for review of his conviction in the California Supreme Court.  Rather, pursuant to state rules, Petitioner joined the petition of his brother, co-defendant Alejandro.  Respondent argued that the first three grounds in Petitioner's federal habeas petition were <u>not</u> in his brother Alejandro's petition presented to the state supreme court.  (Docket # 23 at 6-7.)  As a result, those claims in Petitioner's action were unexhausted and the petition itself subject to dismissal.

In response, Petitioner apparently acknowledged the defects in his petition.  Petitioner filed a document entitled "Opposition to Motion to Dismiss Petition." (Docket # 26.)  Notwithstanding the title, Petitioner admitted that Respondent's dismissal motion "raised some viable issues concerning this Court's jurisdiction to hear the Petition." (<u>Id.</u> at 2.)  Petitioner stated that he intended to file a motion for a new trial and a habeas petition in state court.  Petitioner requested a 90-day stay of the present action or, alternatively, that the Court dismiss the federal habeas action without prejudice.  (<u>Id.</u> at 2-3.)  Petitioner's brief contained a declaration from Petitioner's new attorney regarding his plan to file a new state habeas petition.  However, the filing set forth no facts as to why a stay of the federal action is warranted.  Petitioner's counsel also did not identify the basis or legal theory under which he sought a stay of Petitioner's federal action.

2

1   The Court subsequently issued an order to show cause regarding Petitioner's
2 ambiguous request for a stay or dismissal of the federal case. (Docket # 27.) The
3 Court ordered Petitioner to file a clear request for a stay supported by sufficient
4 facts and evidence for the Court to evaluate such a claim. The Court's order set out
5 the parameters by which Petitioner could request a stay under <u>Rhines v. Weber</u>,
6 544 U.S. 269 (2005), or <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003), along with
7 the evidentiary and procedural showings required under each theory. The Court
8 also gave Petitioner the opportunity to request either a full or partial dismissal of
9 the action.

10   However, the Court specifically warned Petitioner and his counsel that the
11 failure to file a timely response to the Court's order to show cause by selecting any
12 of these procedural options "will result in a recommendation that this action be
13 dismissed for failure to prosecute and obey Court orders pursuant to Federal Rule
14 of Civil Procedure 41(b)." (Docket # 27 at 3.) To date, Petitioner has not filed any
15 response to the order to show cause with the Court. The Court has no information
16 about whether Petitioner ultimately filed a new state habeas action that could
17 potentially justify issuance of a federal court stay.

## DISCUSSION

19   Exhaustion of state remedies is a prerequisite to a federal court's
20 consideration of claims presented in a habeas corpus petition. 28 U.S.C.
21 § 2254(b)(1)(A). A prisoner must fairly present his claims to the state's highest
22 court. <u>Rose v. Lundy</u>, 455 U.S. 509 (1982). A claim has not been fairly presented
23 unless the prisoner describes in the state court proceedings both the operative facts
24 and federal legal theory on which his claim is based. <u>Duncan v. Henry</u>, 513 U.S.
25 364, 370 (1995). Petitioner bears the burden of demonstrating this prerequisite has
26 been met. <u>Williams v. Craven</u>, 460 F.2d 1253, 1254 (9th Cir. 1972).

In the present case, Petitioner acknowledged that his petition contains unexhausted claims that he failed to pursue either on his own or via his brother's state habeas action. Additionally, Petitioner provided the Court with no basis for staying the federal action. Accordingly, the vague and unsupported request for a stay of the present action must be denied.

In the alternative, Petitioner asked the Court to dismiss his Petition without prejudice. Federal Rule of Civil Procedure 41(a)(2) provides that "[a]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Such a dismissal will potentially allow Petitioner to pursue proceedings on his now-pending state petition. Depending upon the result and timing of that matter, Petitioner may be entitled to return to federal court and potentially pursue exhausted claims in this forum. In addition, Petitioner failed to respond to the Court's order to show cause, which merits dismissal of the action under Federal Rule of Civil Procedure 41(b) for failure to prosecute or abide by court orders.

Accordingly, the Court: (1) DENIES Petitioner's request for a stay; and (2) DISMISSES this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) and (b).

IT IS SO ORDERED.

DATE:   8/8/11

_____
HON. GEORGE H. KING
UNITED STATES DISTRICT JUDGE

Presented by:

_____
MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE